UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| PIERRE RANDALL,<br><br>              Petitioner,<br><br>   v.<br><br>GOVERNOR GERRY BROWN, et al.,<br><br>              Respondent. | No. CV 11-8463-AG(CW)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

Pro se petitioner, who has styled himself as his majesty Czar Pierre 4th, with a surname of Randall, Romanov and Gaia, is in state custody at the Patton State Hospital. Petitioner has filed a second largely unintelligible federal petition for writ of habeas corpus.[1] ["Petition", docket no. 1.] This Petition, like the first,

---

[1] Petitioner's prior petition, filed September 14, 2011, was dismissed without prejudice on October 3, 2011, on the basis that the petition was, like this one, incomprehensible. [CV11-7565-AG(CW).] Petitioner has also previously filed a request to proceed in forma pauperis on a civil rights claim in this district, which request was denied on the ground that the action was patently legally and factually frivolous. [See CV11-5392-UA(CW), docket no. 2.]

1

is subject to dismissal without prejudice.

Petitioner alleges four predominantly incomprehensible grounds for habeas relief.[2] [See Petition, Docket no. 1 at 5-6.] It is impossible to discern the nature of his custody, he does not name a proper respondent[3], and he does not claim he is in custody in violation of any specific federal constitutional guarantee. Furthermore, Petitioner states that he did not file an appeal or habeas petition challenging his custody in state court. [See Pet. at 2.] The California Appellate Courts case information web page confirms that no one named Pierre Randall has filed an appeal or petition for writ of habeas corpus in the California courts of appeal. [See http://appellatecases.courtinfo.ca.gov/.]

Summary dismissal of a federal habeas petition is appropriate when, as here, the allegations of the petition are "vague [or] conclusory," "palpably incredible," or "patently frivolous or false." Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (listing cases). See also Rules Governing § 2254 Cases in the United States District Courts, Rule 4 (if it plainly appears from the face of the petition and any annexed exhibits that petitioner is not entitled to relief in the district court, the judge shall

---

[2] For example, in ground one Petitioner states: "Presidential sovereign royal congressional acts [illegible] I. Enacted May 15, 2011 counter signed by Joseph Biden and speaker of House of Representatives John Boehner." [Pet. at 5.] In ground two, he states: "Attempts on my life using a [illegible] munition and on those Apr. 4 2007 [illegible] and Spanish intelligence was used at my request to uncover a [illegible] campaign on my life and federal employees. [Illegible] is linked to the Clintens." [Id.]

[3] A habeas petition must name as respondent the person (e.g., a warden) with custody over the petitioner. See 28 U.S.C. § 2242; Rules Governing Section 2254 Cases, Rules 2(a),(b). Petitioner purports to name the governor of California as respondent.

2

1 make an order for summary dismissal); Local Civil Rule 72-3.2
2 (authorizing magistrate judge to prepare proposed order and
3 judgment for district judge if it plainly appears from face of
4 petition that petitioner is not entitled to relief).
5     Summary dismissal is likewise appropriate when a petition is
6 facially and completely unexhausted. See 28 U.S.C. § 2254 (b)
7 (1996) (a state prisoner must exhaust state court remedies before
8 petitioning for a writ of habeas corpus in federal court). See also
9 Rules Governing § 2254 Cases in the United States District Courts,
10 Rule 4; Local Civil Rule 72-3.2. It appears from the face of this
11 petition that Petitioner has entirely failed to satisfy the
12 exhaustion requirement. See Duncan v. Henry, 513 U.S. 364, 365,
13 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995)(per curiam); Baldwin v.
14 Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004)
15 (to exhaust, a petitioner must fairly present all federal grounds
16 for relief "in each appropriate state court (including a state
17 supreme court with powers of discretionary review), thereby
18 alerting that court to the federal nature of [his grounds].")
19     **ACCORDINGLY, IT IS ORDERED** that the petition is **DISMISSED**
20 **WITHOUT PREJUDICE** to petitioner's filing a comprehensible, fully
21 ////
22 ////
23 ////
24 ////

exhausted petition which states the operative facts and the applicable federal legal theory in support of his grounds.[4]

DATED: Oct 24, 2011

Andrew J. Guilford
United States District Judge

Presented by:
Dated: October 19, 2011

Carla M. Woehrle
United States Magistrate Judge

---

[4] Should petitioner later file a federal habeas petition, it will be subject to the one-year period of limitations set forth in the federal habeas statute. See 28 U.S.C. 2244 (d) (1). The court makes no ruling as to whether any future petition would be timely.